IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB-5

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5.  REIDESEL LOPEZ-PARADA,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Reidesel Lopez-Parada's Motion for Amendment of the Order of Detention Entering on October 23, 2018 (ECF Document 47) [Docket No. 83] of Magistrate Judge Mix's Order of Detention [Docket No. 47], entered on October 23, 2018. The United States has filed a response [Docket No. 95], and the defendant has filed a reply [Docket No. 98].

Defendant seeks amendment of the magistrate judge's detention order under 18 U.S.C. § 3145(b) resulting in his release on an unsecured bond or, in the alternative, on electronic monitoring. Docket No. 83 at 1, 5. At the detention hearing on October 23, 2018, the defendant did not contest detention. *Id*. at 3.

**Requirements for Detention Under the Bail Reform Act**

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person

and the community." 18 U.S.C. § 3142(e). The government bears the burden of proof at a detention hearing. *Id.* The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any person or to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

In deciding whether there are conditions of release that would assure the appearance of the defendant and the safety of the community, the magistrate judge must consider the following factors:

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including --
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

Count One of the indictment names the defendant, among others, and charges a conspiracy to distribute more than five kilograms of cocaine. This count carries a ten-year mandatory minimum and a maximum sentence of life imprisonment. Therefore, pursuant to 18 U.S.C. § 3142(e)(3)(A), Count One has a rebuttable presumption of

2

pretrial detention.  In order to rebut this presumption, a defendant must produce some evidence.  *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).  Although a defendant may present evidence and rebut the presumption, the Court may nevertheless take the presumption into account as a factor in determining whether detention is appropriate.  *Id*.  The defendant is also charged with three other counts (use of a communications device in connection with drug trafficking; possession with intent to distribute more than 500 grams of cocaine; and possession with intent to distribute more than five kilograms of cocaine).  Two of these counts (Counts Ten and Seventeen) also carry a rebuttable presumption of detention.

At the conclusion of the detention hearing, the magistrate judge found by a preponderance of the evidence that the defendant was a flight risk.  Docket No. 47 at 3.  She concluded that there was no condition or combination of conditions of release that would assure Mr. Lopez-Parada's appearance.  *Id*.

The standard for the district court's review of a magistrate judge's detention order under Section 3145(a) is de novo.  *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  The Court may conduct such review by considering the evidence that the magistrate judge based her detention decision on and, in its discretion, by reviewing any additional proffers on appeal.  *United States v. Davidson*, 1992 WL 144641, at *2 (N.D.N.Y. June 18, 1992).

The defendant's motion for review is primarily based on the following arguments: (a) defendant has significant ties to Denver; and (b) his criminal history is minor and he has no failures to appear.  Docket No. 83 at 8-10.

### Community Ties

The defendant directs the Court's attention to the Pretrial Services Report [Docket No. 72] and various exhibits to his motion as evidence regarding the defendant's community ties. Docket No. 83 at 5. The Court agrees with the defendant that he has personal and family ties to Denver, which weigh in favor of release.

### Border Crossings

The government states that the defendant has significant ties to Mexico, as evidenced by 49 border crossing in the last ten years. Docket No. 95 at 12.

### Defendant's Criminal History

The defendant argues that his criminal history involves some misdemeanor convictions, but does not involve felony convictions, drug offenses, or failures to appear. Although the defendant's criminal history does not involve any felony convictions, the defendant has failed to comply with state court probation on two separate occasions, leading to revocations of probation. Defendant's probationary sentence on a Boulder County driving while ability impaired conviction was revoked seven months after it was entered and defendant was sentenced to twenty-four days jail. Docket No. 83-1 at 1. His probationary sentence on an Adams County domestic violence conviction was revoked seven months after it entered, although probation was reinstated and later successfully completed. *Id*. His criminal history weighs in favor of detention.

**Strength of the Evidence Against the Defendant**

The government proffers in response to the defendant's motion that the evidence in support of the charges filed against the defendant is strong.  The government provides details of the defendant's role in assisting defendant Omar Chavez-Gutierrez receive five kilograms of cocaine from defendant Jose Rodolfo-Pena on September 26, 2017.  Docket No. 95 at 9-11.  In particular, the government proffers that Chavez-Gutierrez coordinated with the defendant to meet the courier vehicle, that traveled from Mexico, at the defendant's home and to accept delivery of the cocaine.  Surveillance of the residence saw the courier's vehicle pull into the defendant's garage, the garage door closing, and the vehicle leaving two and a half hours later.  *Id*. at 11.  The government's proffer also indicates that the defendant coordinated with Chavez-Gutierrez to use the defendant's garage to store large quantities of cocaine in early September 2017 and help hide drug proceeds in a vehicle on September 4, 2017.  *Id*. at 5-7.

The defendant claims that this evidence is limited to just three days and does not involve active participation in drug dealing.  Docket No. 98 at 2-4.  The government's proffer is detailed, however, and supports the argument that the case against the defendant, while based on activity involving three days, nevertheless took place over the course of three weeks, involving large quantities of cocaine.  The Court finds that the government's case against the defendant appears to be strong.

**Conclusion**

Reviewing de novo the Pretrial Services Report, the arguments made and exhibits attached to Docket Nos. 83 and 98, and the proffers of the United States, Docket No. 95, the Court finds that there that is no combination of conditions that would ensure the safety of the community and assure the appearance of the defendant. The government has shown clear and convincing evidence that the defendant is involved in trafficking cocaine, which involvement presents a danger to the community. The defendant's revocations of probation and numerous border crossings also demonstrate by a preponderance of the evidence that the defendant poses a risk of flight. Upon de novo review, the Court finds that the defendant should be detained until trial.

Wherefore, it is

**ORDERED** that defendant Reidesel Lopez-Parada's Motion for Amendment of the Order of Detention Entering on October 23, 2018 (ECF Document 47) [Docket No. 83] is denied.

DATED December 10, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge